[930 NYS2d 508]

In the Matter of JOHN AVERSA, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, September 30, 2011

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*John M. Aversa*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1981 and maintains an office in Niagara Falls. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his appointment as guardian of an incapacitated person (hereinafter IP). Respondent filed an answer admitting the material allegations of the petition and he appeared before this Court and submitted matters in mitigation.

Respondent admits that, in July 2009, he was appointed as guardian for the IP, who was a plaintiff in a pending personal injury action. Respondent further admits that, in August 2009, the IP received settlement funds in an amount in excess of $5 million and, on numerous occasions thereafter, Supreme Court instructed respondent to retain independent counsel to draft a will on behalf of the IP.

Respondent admits that, in contravention of those instructions, he prepared a will for the IP, which was executed in March 2010, appointing himself as sole executor of the estate and designating respondent's wife, in her maiden name, as sole beneficiary of the will. Respondent further admits that, prior to the execution of the will, the IP did not receive advice from independent counsel and was not evaluated to determine if she possessed testamentary capacity. In addition, respondent admits that two members of his immediate family served as subscribing witnesses to the will.

In June 2010, the court advised respondent in a letter that his conduct in preparing the will, designating his wife as sole beneficiary, and retaining counsel to probate the will was improper, and the court requested that respondent resign as guardian. Respondent admits that he thereafter resigned as guardian without responding to the letter and did not attempt to offer the will for probate. Additionally, respondent admits that, during the investigation conducted by the Grievance Com-

mittee into this matter, he produced a petition for probate, which he had prepared and verified, that had not been filed and that contained an undated, unsigned addendum purporting to instruct respondent's wife to distribute the IP's assets to charity. The petition for probate was verified by respondent two days after the date of the letter from the court requesting his resignation as guardian.

When respondent appeared before this Court in relation to this matter, he submitted that he did not understand that his conduct was improper and did not construe the instructions by the court as a directive to retain independent counsel for the IP. He further stated that he drafted the will in an attempt to fulfill the IP's testamentary wish to distribute her assets to charity. We reject respondent's explanation for his misconduct as incredible.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.8 (c) (1) (22 NYCRR 1200.0)—soliciting a gift from a client, including a testamentary gift, for the benefit of the lawyer or a person related to the lawyer;

rule 1.8 (c) (2) (22 NYCRR 1200.0)—preparing on behalf of a client an instrument giving the lawyer or a person related to the lawyer any gift where the lawyer or other recipient is not related to the client and a reasonable lawyer would not conclude that the transaction is fair and reasonable; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered respondent's previously unblemished record after 30 years in the practice of law. Respondent, however, has committed serious misconduct for personal gain. Additionally, respondent has demonstrated a shocking lack of candor in this proceeding by belatedly presenting to the Grievance Committee a document designed to conceal his misconduct and by providing explanations for his conduct that lack credibility. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

CENTRA, J.P., PERADOTTO, LINDLEY, GREEN and MARTOCHE, JJ., concur.

Order of disbarment entered.